## COPEMAN LABORATORIES CO. v. NORGE DIVISION OF BORG–WARNER CORPORATION et al.

## COPEMAN LABORATORIES CO. v. GENERAL MOTORS CORPORATION.

### No. 10682.

United States Court of Appeals
Sixth Circuit.

Dec. 20, 1948.

Casper W. Ooms, of Chicago, Ill. (Barnes, Kisselle, Laughlin & Raisch, and Robert A. Choate, all of Detroit, Mich., Arthur M. Smith, of Dearborn, Mich., and Casper W. Ooms, of Chicago, Ill., on the brief), for appellant.

Harry W. Lindsey, Jr., and Howard W. Hodgkins, both of Chicago, Ill. (Harry W. Lindsey, Jr., George N. Hibben, Edward C. Gritzbaugh, Howard W. Hodgkins and Gerrit P. Groen, all of Chicago, Ill., on the brief), for appellees.

Before ALLEN, MARTIN, and MILLER, Circuit Judges.

PER CURIAM.

This appeal involves the validity of the Kisselle reissue patent 20,693 for sharp freezing container. The question of the Hathorne Patent 1,932,731, which was raised in the court below, has been abandoned on appeal. The patented device, which has never been commercially produced or sold, is described in the specification as being in the "nature of an improvement over prior art ice cube trays" (such as certain rubber trays and trays disclosing a triangular shaped flexible metal partition) in that it secures a facilitated removal of the ice cubes. The contention is that ready removal of the ice blocks is obtained by hinging the compartment forming walls of the partition which the specification describes as being "quite rigid and solid." It is claimed that the bodily movement of one partition wall relative to another makes easier the ejection of the ice cubes without the distortion and flexing which are necessary in use of trays of the prior art.

The District Court, in addition to hearing extensive oral testimony and examining numerous prior art patents and prior art devices, was present at repeated tests of a grid made in accordance with the teachings of the patent and Kisselle's analysis of his invention. From these tests the court found as a fact that a grid so made is inoperative.

The District Court found that the use of the conventional type of hinge contemplated by Kisselle would be obvious to a mechanic skilled in the art if he planned to substitute rigid walls for the flexible grid of the McCord "Easy-Out." This ice cube tray was made in accordance with the Weeks Patent 1,738,162 and the Cole Patent 2,028,047, and went into commercial production in June, 1931, prior to the filing of the Kisselle application. The court also found that none of the claims of the patent in suit have been infringed by the accused devices. The appellees' ice trays depend upon the distortion or flexing of the flexible cross walls to release the ice, instead of the "bodily movement" described in Kisselle's specification. All of them omit the hinge which the District Court calls "the most important element of the combination disclosed in the Kisselle patent."

The findings of the District Court are full and complete and amply sustained by the record and its conclusions of law are correct. The judgment of the District Court is affirmed.